IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BERT J. NEDERHISER,

       Plaintiff,

vs.

DERRICK FOXWORTH, an individual,
ROSIE SIZER, an individual, and THE
CITY OF PORTLAND, a municipal
corporation and public employer,

       Defendants.

Case No. 05-787-KI

OPINION AND ORDER

    Kevin Keaney
    700 N. E. Multnomah Street, Suite 1155
    Portland, Oregon 97232

        Attorney for Plaintiff

    Jenifer Johnston
    Deputy City Attorney
    Office of City Attorney
    1221 S. W. Fourth Avenue, Room 430
    Portland, Oregon 97204

        Attorney for Defendants

KING, Judge:

Plaintiff Bert J. Nederhiser, a police officer for the City of Portland (the "City"), alleges defendants Derrick Foxworth and Rosie Sizer violated his First Amendment right to free speech, and that the City violated the Oregon Whistleblower Law. In addition, he alleges a claim for intentional infliction of emotional distress against all of the defendants. Defendants have filed Rule 12 Motions to Dismiss Portions of Plaintiff's First Amended Complaint ("Amended Complaint") (#11). For the following reasons, I grant in part and deny in part the defendants' motions.

## BACKGROUND

This suit arises out of a City-initiated investigation of the way in which plaintiff used his firearm on a crime suspect attempting to elude police. Plaintiff alleges he advised defendants of irregularities in the investigation, and that he was demoted as a result.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. l986), cert. denied, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

///

///

# DISCUSSION

I. <u>Defendants' Motion to Dismiss the Intentional Infliction of Emotional Distress Claim</u>

Defendants move to dismiss the intentional infliction of emotional distress claim because the only actions plaintiff complains of are demotion and a threat of termination, and these actions do not constitute sufficiently outrageous conduct to support a claim for intentional infliction of emotional distress.

Plaintiff asserts the outrageous behavior is not evidenced only by his demotion, but also by the defendants' disregard of plaintiff's report identifying irregularities in the investigation. Indeed, plaintiff contends it was not the demotion itself that constitutes the outrageous conduct, but rather it was the process leading to and ending with demotion that is the outrageous conduct. Plaintiff also likens his whistleblowing action to a sex or race discrimination case. According to plaintiff, like sex and race discrimination, retaliation under the Oregon Whistleblower Law is an unlawful employment practice, which should be sufficient to qualify as outrageous conduct.

The tort of intentional infliction of emotional distress contains the following elements:

> (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

<u>McGanty v. Staudenraus</u>, 321 Or. 532, 543, 901 P.2d 841 (1995) (citation omitted).

The third factor, whether the act transgresses the bounds of socially tolerable conduct, is a question of law. <u>Harris v. Pameco Corp.</u>, 170 Or. App. 164, 171, 12 P.3d 524 (2000).

I agree with defendants. Demotion alone does not constitute sufficiently egregious conduct to provide the basis for an intentional infliction of emotional distress claim. See <u>Madani v. Kendall Ford, Inc.</u>, 312 Or. 198, 204, 818 P.2d 930 (1991), overruled on other grounds by

Page 3 - OPINION AND ORDER

McGanty, 321 Or. 532 ("The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior").  Indeed, even if defendants terminated plaintiff without complying with personnel or employment policies, plaintiff would not have an intentional infliction of emotional distress claim.  McWhorter v. First Interstate Bank of Oregon, N.A., 67 Or. App. 435, 437, 440, 678 P.2d 766 (1984) (among other charges, plaintiff alleged defendant terminated him without complying with personnel policies, but equivalent of intentional breach of contract did not qualify as outrageous conduct).  Finally, termination without first completing a "full and fair investigation" is not enough to support an intentional infliction of emotional distress claim.  See Rice v. Comtek Mfg. of Oregon, Inc., 766 F. Supp. 1550, 1553-54 (D. Or. 1990); Rice v. Comtek Mfg. of Oregon, Inc., 766 F. Supp. 1539, 1543 (D. Or. 1990) ("The wrongful acts Rice alleges are being fired in retaliation for protesting the racist behavior of a co-worker and for dealing drugs[,] without conducting a full and fair investigation. These acts are not extremely outrageous").

While plaintiff is correct that Oregon cases have allowed claims for intentional infliction of emotional distress to proceed in circumstances involving racism or sexual harassment, plaintiff is unable to cite any case law supporting his proposition that retaliation for whistleblowing alone constitutes similarly egregious conduct.  See Wheeler v. Marathon Printing, Inc., 157 Or. App. 290, 974 P.2d 207 (1998) (co-worker continued harassment including sexual remarks even after plaintiff attempted suicide); Lathrope-Olson v. Dept. of Transportation, 128 Or. App. 405, 408, 876 P.2d 345 (1994) (calling a Native American woman a squaw, telling her that a squaw was supposed to walk behind her man, stating that all women were good for was between their legs, locking her out of the work van in the rain and snow, and

Page 4 - OPINION AND ORDER

threatening to push her into the path of oncoming vehicles); Mains v. II Morrow, Inc., 128 Or. App. 625, 877 P.2d 88 (1994) (daily physical assaults and sexual comments by supervisor); Franklin v. Portland Community College, 100 Or. App. 465, 787 P.2d 489 (1990) (supervisor called an African-American male by the name "boy," issued false reprimands, shoved him, locked him in an office, and suggested that he apply elsewhere for employment); but cf. McMellon v. Safeway Stores, Inc., 945 F. Supp. 1402, 1411 (D. Or. 1996) (reduction in work hours for attempting to remove outdated drugs from shelves did not constitute outrageous conduct).

Accordingly, I grant defendants' motion to dismiss plaintiff's intentional infliction of emotional distress claim.

II. <u>Defendants' Motion to Dismiss Allegations in the Second and Third Causes of Action Prior to June 10, 2004</u>

Defendants assert that plaintiff's Amended Complaint does not allege that he sent a tort claims notice to defendants to alert them to the whistleblowing and intentional infliction of emotional distress claims, the two claims based on state law. According to defendants, the complaint could be dismissed on this point alone. However, if allowed to amend a second time, defendants believe plaintiff would allege he sent a tort claims notice to the City on December 7, 2004.

Nevertheless, according to defendants, that notice is not timely for all allegations. ORS 30.275 requires notice be provided to and received by the public body within 180 days of the alleged loss or injury. As a result, according to defendants, the court should find all allegations prior to June 10, 2004 to be time barred. Only the allegation for the demotion falls within the time frame.

Page 5 - OPINION AND ORDER

Plaintiff asserts that other than the demotion, he was injured in January 2005. He admits that his Amended Complaint does not reference that date. January 2005 is the date he allegedly advised defendants about irregularities biasing the investigation against him–irregularities which violated state and municipal law. See Amended Complaint ¶ 13. Plaintiff asserts he commenced his action on April 6, 2005, within 180 days of that injury.

Plaintiff is permitted to amend his complaint to make his allegations more specific, to include the fact that he filed a tort claims notice, and to confirm that he brought his action within 180 days of the injury. It is unclear at this point in the proceeding how plaintiff will use the events that are alleged to occur prior to June 10, 2004, and accordingly I do not grant defendants' motion to find all allegations prior to June 10, 2004 to be time barred.

III.     Defendants' Motion to Dismiss Allegations in the First Amendment Claim Prior to April 6, 2003 and to Dismiss the Claim Against Foxworth and Sizer

Plaintiff alleges defendants Foxworth and Sizer violated his First Amendment right to free speech. The individual defendants seek to dismiss the First Amendment claim because the Amended Complaint does not contain any timely allegations against them. In the alternative, defendants request that the allegations referring to events that occurred prior to April 6, 2003 be dismissed because they are barred by the statute of limitations. This claim is subject to the two year statute of limitations applicable to 42 U.S.C. § 1983 claims. See Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989).

As defendants point out, the body of the Amended Complaint describes events that occurred prior to April 6, 2003, such as plaintiff being put on administrative leave in November 2002, defendant Sizer threatening to terminate plaintiff in November 2002, and defendants initiating an investigation in November 2002. Amended Complaint ¶¶ 10, 11, and 12. The only

Page 6 - OPINION AND ORDER

timely allegation is plaintiff's statement that the *City,* and not defendants Sizer and Foxworth, demoted plaintiff from sergeant to police officer on March 14, 2005. Id., ¶ 14.

Plaintiff agrees that liability cannot be predicated on acts occurring before April 6, 2003. Plaintiff asserts that an allegation in paragraph 13 of his Amended Complaint, which reads, "During the investigation, plaintiff advised defendants about irregularities biasing the investigation against him and that the irregularities violated state and municipal law," occurred in January 2005. He requests leave to make this allegation more definite, and asserts this allegation is sufficient to support his First Amendment claim.

Since plaintiff's Amended Complaint does not contain any timely allegations against the individual defendants, and since liability under 42 U.S.C. § 1983 arises only upon a showing of "personal participation," Arnold v. Int'l Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981), plaintiff is granted leave to amend his complaint. Plaintiff must make the allegations of his claim for violation of the First Amendment more specific. If he is unable to assert timely allegations against the individual defendants, he should not include this claim.[1] I do not strike the allegations prior to April 6, 2003 as barred by the statute of limitations since plaintiff admits that liability cannot be predicated on these allegations.

///

///

---

[1] Plaintiff is also permitted to reinsert "under color of law" as the omission was accidental.

## CONCLUSION

For the foregoing reasons, the Defendants' Rule 12 Motions to Dismiss Portions of Plaintiff's First Amended Complaint (#11) is granted in part and denied in part.

IT IS SO ORDERED.

Dated this    22nd       day of November, 2005.

                                                                 /s/ Garr M. King
                                                                 Garr M. King
                                                                 United States District Judge