IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BERT J. NEDERHISER, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 05-787-KI |
| ) | |
| vs. ) | OPINION |
| ) | |
| DERRICK FOXWORTH, an individual, ) | |
| ROSIE SIZER, an individual, and THE ) | |
| CITY OF PORTLAND, a municipal ) | |
| corporation and public employer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Kevin Keaney
700 N. E. Multnomah Street, Suite 1155
Portland, Oregon 97232

    Attorney for Plaintiff

Leah C. Lively
Sharon Bolesky
Lane Powell, P.C.
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

    Attorney for Defendant Foxworth

Page 1 - OPINION

Jenifer M. Johnston
City Attorney's Office
1221 S.W. Fourth Avenue, Suite 430
Portland, Oregon  97204

      Attorney for Defendants Sizer and City of Portland

KING, Judge:

This court entered a judgment in favor of the City of Portland, Derrick Foxworth, and Rosie Sizer (collectively, the "City") on March 21, 2007.  Before the court is the City's Bill of Costs (#99),[1] against which plaintiff Bert Nederhiser filed objections.

## LEGAL STANDARDS

Fed. R. Civ. P. 54(d)(l) provides, in part:  "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  This rule is not read "as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case."  Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964).  Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

---

[1] For the sake of efficiency, the City of Portland is representing Foxworth on the Bill of Costs.

Page 2 - OPINION

  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

  (5) Docket fees under section 1923 of this title;

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

However, the discretion to grant costs does not include the authority to tax costs beyond those authorized by statute or contract. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Thus, the discretion granted under Rule 54(d) allows a court to decline to tax costs, but does not authorize a court to award excess costs in the absence of a "specific congressional command." Id. at 442.

## DISCUSSION

I. "Fees of the Court Reporter"

The City's Bill of Costs requests $4,588.72 in fees for depositions and other transcription costs. Foxworth's attorney attests to spending an additional $35 on costs for Foxworth's transcript.

Plaintiff objects to the $500 for the transcript of his interview with the Internal Affairs Division ("IAD"), an administrative proceeding that took place prior to plaintiff's suit. Plaintiff also objects to the $70.21 for the transcript of a telephone conference with me, and to the $803 for videotaping his deposition.

In Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990), cert. denied, 502 U.S. 812 (1991), the Ninth Circuit held that the costs of obtaining depositions and copies of deposition transcripts were allowable under 28 U.S.C. § 1920 when the transcripts were reasonably necessary to the defendant's motion for summary judgment. Pretrial transcripts are

Page 3 - OPINION

especially necessary when the case is unusually involved and complex. Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656, 678 (9th Cir.), cert. denied, 375 U.S. 922 (1963). Depositions which were merely useful for discovery are not taxable items. Id.

The fact that items are neither introduced into evidence nor otherwise become part of the official court record does not determine whether that item was necessarily obtained for use in the case. Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (allowing costs for reproducing documents even though documents were not introduced as evidence to support summary judgment motion). This is also true for depositions. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1410 (7th Cir. 1991).

A deposition need not be absolutely indispensable to justify an award of costs. It must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition. Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993). Disallowing costs for depositions not used at trial, however, is within the court's discretion. Wash. State Dept. of Transp. v. Wash. Natural Gas Co., 59 F.3d 793, 806 (9th Cir. 1995).

While I recognize that the IAD interview transcript may have seemed necessary at the time it was obtained–in order to depose plaintiff, for example–the City never put at issue any statement or topic raised in plaintiff's IAD interview. Indeed, the City never responded to plaintiff's contention that the investigation was flawed, which is when the transcript would have been relevant, and argued only that plaintiff's assertions were not protected by the First Amendment or were not the cause for his demotion. Accordingly, I exercise my discretion in disallowing the $500 for the IAD interview transcript.

With regard to the $70.21 for the transcript of the telephone conference with me, the City claims the transcript was necessary to resolve a discovery dispute because it helped the parties square their memories with the events, thus obviating the need for my intervention. Plaintiff responds that the transcript was not necessary to resolve the discovery dispute. Accordingly, I disallow the $70.12 for the transcript.

As for the videotape, several courts have awarded costs under 28 U.S.C. § 1920 for both a videotaped deposition and a stenographic transcript of the deposition. Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1478 (10th Cir. 1997); Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 464-65 (11th Cir. 1996); Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005); BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419-20 (6th Cir. 2005); Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999). The analysis depends on whether both are reasonably necessary for the litigation.

The City asserts that it videotaped the deposition because it planned to use excerpts at trial, but needed the transcript for summary judgment. However, something more is needed beyond "convenience or duplication to ensure alternative methods of presenting materials at trial." Cherry, 186 F.3d at 449. In sum, the City has presented an insufficient rationale, and I disallow the videotape costs.

The total amount allowed for "fees for the court reporter" will be $3,250.51, which includes the $35 requested by Foxworth.

Page 5 - OPINION

II.     "Fees for Exemplification and Copies"

The City requests $3,382.19 in photocopy fees. Foxworth spent an additional $497.70 on photocopying.[2] Plaintiff objects to all of the printing and copying costs, especially to the $497.50 for Foxworth's attorney's photocopy costs, and to the $1,585.15 for the cost to retrieve e-mail.

Copying costs for documents produced in discovery, as well as the court's copies of documents filed to support motions, are held to be reasonably necessary for use in a case and thus are routinely awarded in this court. See, e.g., Kibbee v. City of Portland, No. CV98-675-ST, 2000 WL 1643535, at *4 (D. Or. Oct. 12, 2000). Extra copies of filed papers, correspondence, and copies of cases are considered to be made for the convenience of attorneys and thus are not taxable. Id.

Plaintiff complains that it is impossible to determine which of the copies were necessary to the case, and which were merely helpful to the City and Foxworth. Plaintiff argues, in particular, that he should not be responsible for the copying costs necessitated by the addition of separate counsel for Foxworth.

The City explains that its copying costs were largely attributable to scanning documents, which were then produced to plaintiff, used in depositions, and submitted in support of its motion for summary judgment. The City's counsel testifies that she did not include the costs for copies for her personal use and convenience. The scanned versions could be easily electronically filed with the court, and shared with Foxworth's counsel, without additional cost. Foxworth's attorney testified that she copied only the pleadings, documents filed with summary judgment,

---

[2]In the City's request, the City represents that Foxworth requested $500.70. Since the request was actually $497.70, the total amount requested will be decreased by $3.

Page 6 - OPINION

and documents relevant to the procedural or factual context of the case. I find that the copying costs were reasonably necessary for use in the case, and I will allow them in their entirety.

Finally, plaintiff argues he should not be held accountable for the $1,585.15 for e-mail retrieval as it is not a cost allowed by 28 U.S.C. § 1920. The amount is representative of the "time spent to search for, retrieve, and convert the emails requested by plaintiff and ordered by the Court." Aff. of Jenifer Johnston at ¶ 29. I will disallow the $1,585.15 for staff time in obtaining discovery, which is what this request boils down to. The statute permits the recovery of "fees for exemplification and copies of papers," which describes the act of copying, not the act of gathering. See Voice Stream PCS I, LLC v. City of Hillsboro, CV 03-365-MO, 2004 WL 848176, * 2 (D. Or. Apr. 13, 2004) ("staff time" not covered without more detail from City, and discussing "narrow" construction of 28 U.S.C. § 1920).

Accordingly, I will allow costs for "exemplification and copies" in the amount of $2,294.74, which includes the $497.70 requested by Foxworth.

III.   Summary

The City will be allowed costs in the amount of $5,855.25, which includes $250 for the removal fee and $60 for docket fees.

### CONCLUSION

The City's Bill of Costs (#99) is granted in the amount of $5,855.25.

Dated this _____7th_____ day of May, 2007.

                                                   /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge